DMB:MEH:mel

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS R. JONES,
   Petitioner

   v.        : Civil No. 1:CV-00-2220
            : (Kane, J.)
JAKE MENDEZ (Warden);
U.S. PAROLE COMMISSION,
   Respondents

FILED
WILLIAMSPORT, PA

MAR 19 2001

MARY E. D'ANDREA, CLERK
Per____KF____
   DEPUTY CLERK

**RESPONSE TO SHOW CAUSE ORDER**

I. **Procedural History**

On December 20, 2000, petitioner Thomas R. Jones, an inmate at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP Allenwood"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. By Order dated February 26, 2001, this Court issued a rule to show cause directing respondents to address the allegations of the habeas corpus petition within twenty days. The following is the response to the show cause Order on behalf of the United States Parole Commission ("Commission").

II. **Factual History**

Jones is serving a sentence of eight to twenty-four years imposed by the Superior Court for the District of Columbia for second degree murder and carrying a pistol without a license. (See Record in Support of Respondents' Response to Show Cause

Order at 2-3.)  According to the presentence investigation report, the victim was shot six times as he stood talking with others.  The bullets removed from the victim's body had a distinctive marking (five grooves with a right twist) which matched those made by a .38 caliber revolver seized from Jones.  According to an eyewitness, there was no apparent provocation for the shooting.  (Id. at 4-6.[1])

On April 4, 2000, the Commission conducted an initial parole determination hearing for Jones.  (Id. at 7-9.)  The Commission assigned Jones a salient factor score of six points and a total point score of five points.  Under the regulations, a point score of five points indicates that parole should be denied at the initial hearing.  28 C.F.R. § 2.80(h).  The rehearing guidelines applicable in Jones' case are eighteen to twenty-four months.  § 2.80(j).  The Commission departed from these guidelines, ordering rehearing after service of sixty months.  The Commission provided the following statement of reasons for departing from the rehearing guidelines:

> After consideration of all factors and information presented, a departure from the rehearing guidelines at this consideration is warranted for the following reason:  You are a more serious risk than indicated by your base point score in that the instant murder involved an exceptionally cruel killing of the victim by taking him unaware as he stood by his car in

---

[1] For privacy reasons, only relevant portions of the PSI have been provided.  Additionally, nonrelevant portions of the pages submitted to the Court have been redacted.

> conversation with others. You proceeded to shoot him
> at least 6 times, indicating that this murder was a
> deliberate assassination. At your parole hearing, you
> falsely claimed that you shot the victim in self-
> defense when he pulled a gun on you. Your lack of
> remorse, refusal to accept responsibility for this
> crime, and contempt for the evidence upon which you
> were convicted, warrants the conclusion that your
> participation in prison programming would not be a
> meaningful indicant of your rehabilitation.

(Record at 10-11.)

Jones has filed the instant petition claiming the Commission violated the double jeopardy ban of the Constitution when it denied parole for the same reasons his sentence was imposed (i.e., when the Commission considered factors having to do with the severity of his offense conduct). Jones furthers claims that the Commission departed from the rehearing guidelines without "justifiable reason" and argues that there is no evidence the victim was standing next to his own car, that there is no evidence of premeditation so the offense could not be assassination, and that there is no evidence he fired all six shots.

### III. Question Presented

Should the petition for writ of habeas corpus be denied as (1) the double jeopardy clause applies only to criminal prosecutions; and (2) because the Commission's actions are supported by a rational basis in the record?

Suggested answer in the affirmative.

3

## IV. Argument

Jones alleges that the Commission violated the double jeopardy ban of the Constitution when it denied parole. However, the double jeopardy clause applies only to criminal prosecutions. Denial of parole does not cause any change in the prisoner's status and does not implicate the double jeopardy clause. Averhart v. Tutsie, 618 F.2d 479, 483 (7th Cir. 1980). See also Priore v. Nelson, 626 F.2d 211, 217 (2d Cir. 1980); Payne v. United States, 539 F.2d 443 (5th Cir. 1976)(parole guidelines do not subject prisoner to double jeopardy). Jones' claim that denial of parole to him violates the guarantee against double jeopardy must be rejected.

Jones' claim that the Commission lacked a "justifiable reason" for departing from the rehearing guidelines is also without merit. Under the regulations, the Commission has the authority to "schedule a reconsideration hearing at a time different from that indicated" by the guidelines "in unusual circumstances." 28 C.F.R. § 2.80(m). "Unusual circumstances" are defined as "case-specific factors that are not fully taken into account in the guidelines, and that are relevant to the grant or denial of parole." Id. The factors specified here by the Commission--cruelty, the fact that the killing had the character of "deliberate assassination", lack of remorse, refusal to accept responsibility and an unfounded claim of self-defense--

4

are all "case-specific factors" that are not accounted for in the guidelines, and are clearly relevant to denial of parole. As the Commission explained, they warrant the conclusion that participation in prison programming does not meaningfully indicate Jones' degree of rehabilitation. (Record at 10-11.) These findings are supported by a rational basis in the record: the presentence report includes an eyewitness statement that the shooting was not provoked in any way (permitting the Commission to characterize that claim as "false"), and ballistic tests indicated that the bullets removed from the victim's body matched the signature of a .38 revolver found in Jones' possession. (Id.) The findings of the Commission cannot be disturbed so long as they are supported by a rational basis in the record. See generally, Bridge v. U.S. Parole Commission, 981 F.2d 97, 100 (3d Cir. 1992).

Jones' objection that the car next to which the victim was standing did not "belong to the victim as the Commission's notice of action states" must be dismissed as frivolous. The Commission's statement of reasons does not in any way turn on the ownership of the car next to which the victim stood when he was shot--the point is that he was viciously gunned down while he was standing in the street engaged in casual conversation. (Record at 10.) Similarly, the Commission's finding that the killing was a "deliberate assassination" does not necessarily imply

5

Case 1:00-cv-02220-YK-EC   Document 4   Filed 03/20/2001   Page 6 of 8

premeditation, as Jones claims. Rather, it merely describes the circumstances of the offense and infers from the firing of at least six shots (six shots hit the body; more could have been fired) that the killing was in the nature of an assassination.

Finally, the claim that Jones did not necessarily fire all six shots is belied by the information in the presentence report that the bullets removed from the victim's body matched the signature of Jones' gun. Jones' claim that the Commission's departure from the guidelines is not supported by reasons must be rejected.

To the extent Jones asks the Court to grant him a parole release, respondents note that this is not an available remedy. Zannino v. Arnold, 531 F.2d 687, 692 (3d Cir. 1976)(overturning district court's order in habeas case that prisoner be released "as on parole", holding that grant of parole by court is not available remedy in habeas). Cf. D'Agostino v. Keohane, 877 F.2d 1167, 1174 (3d Cir. 1989).

## V. Conclusion

For the reasons stated above, the petition for writ of habeas corpus should be denied with a certification that any

6

appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

MATTHEW E. HAGGERTY
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA  17703

OF COUNSEL:

MICHAEL A. STOVER, General Counsel
SHARON GERVASONI, Attorney
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD 20815

Date: March 19, 2001

7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS R. JONES,
      Petitioner

      v.                      Civil No. 1:CV-00-2220
                               (Kane, J.)

JAKE MENDEZ (Warden);
U.S. PAROLE COMMISSION,
      Respondents

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on March 19, 2001, she served a copy of the attached

## RESPONSE TO SHOW CAUSE ORDER

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Williamsport, Pennsylvania.

Addressee:

Thomas R. Jones
Reg. No. 05208-000
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

                                              /s/ Michele E. Lincalis
                                              MICHELE E. LINCALIS
                                              Paralegal Specialist