DMB:MEH:mel

FILED
WILLIAMSPORT, PA

MAR 1 9 2001

MARY E. D'ANDREA, CLERK
Per____KF____
              DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS R. JONES,
       Petitioner

       v.                        Civil No. 1:CV-00-2220
                              (Kane, J.)

JAKE MENDEZ (Warden);
U.S. PAROLE COMMISSION,
       Respondents

## RECORD IN SUPPORT OF RESPONDENTS' RESPONSE TO SHOW CAUSE ORDER

                              DAVID M. BARASCH
                              United States Attorney

                              MATTHEW E. HAGGERTY
                              Assistant U.S. Attorney
                              MICHELE E. LINCALIS
                              Paralegal Specialist
                              316 Federal Building
                              240 West Third Street
                              Williamsport, PA  17703

Date: March 19, 2001

## CERTIFICATE

I, SHARON GERVASONI, Attorney in the Office of General Counsel, United States Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the attached documents are true copies of documents contained in the parole file of **Thomas R. Jones, Register Number 05208-000,** reviewed by me on the date stated below.

IN WITNESS WHEREOF, I have signed this 9th day of March, 2001, and have affixed the seal of the United States Parole Commission.

Sharon Gervasoni
Attorney
U.S. Parole Commission



000001

```
I  ' PAR1J   540*23   *      SENTENCE MONITORING       *    03-31-2000
PAGE 001           *         COMPUTATION DATA          *    15:34:45
                             AS OF 03-31-2000

REGNO..: 05208-000 NAME: JONES, THOMAS R


FBI NO............: 314925RA9         DATE OF BIRTH: 09-15-1973
ARS1..............: ALP/A-DES
UNIT..............: III               QUARTERS.....: C02-224L
DETAINERS.........: NO                NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-01-2011 VIA EXP W/GT

------------------CURRENT JUDGMENT/WARRANT NO: 010 --------------------

COURT OF JURISDICTION............: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER....................: F 733-95
JUDGE............................: WINFIELD
DATE SENTENCED/PROBATION IMPOSED: 08-13-1997
DATE WARRANT ISSUED..............: N/A
DATE WARRANT EXECUTED............: N/A
DATE COMMITTED...................: 08-11-1999
HOW COMMITTED....................: DC SUPERIOR COURT COMT
PROBATION IMPOSED................: NO
SPECIAL PAROLE TERM..............:

                FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED.: $00.00         $00.00          $00.00     $150.00

RESTITUTION...: PROPERTY: NO   SERVICES: NO    AMOUNT: $00.00

--------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  621
OFF/CHG: COUNT F: CARRYING A PISTOL WITHOUT A LICENSE / DC CODE
         22-3204
         COUNT G: MURDER II / DC CODE 22-2404

SENTENCE PROCEDURE..............: D.C. CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.:    24 YEARS
MINIMUM TERM...................:     8 YEARS
DATE OF OFFENSE................: 11-22-1993




0002       MORE PAGES TO FOLLOW . . .
```

```
5H  *  PAR1J 540*23 *          SENTENCE MONITORING         *   03-31-2000
PAGE 002 OF 002 *              COMPUTATION DATA                15:34:45
                               AS OF 03-31-2000

REGNO..: 05208-000  NAME: JONES, THOMAS R

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-20-1999 AT ALP MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 08-13-1997
TOTAL TERM IN EFFECT............:   24 YEARS
TOTAL TERM IN EFFECT CONVERTED..:   24 YEARS

JAIL CREDIT.....................: FROM DATE      THRU DATE
                                  01-19-1995     08-12-1997

TOTAL JAIL CREDIT TIME..........: 937
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 2880
PAROLE ELIGIBILITY..............: 12-11-2000
STATUTORY RELEASE DATE..........: 03-01-2011
TWO THIRDS DATE.................: UNKNOWN
180 DAY DATE....................: UNKNOWN
EXPIRATION FULL TERM DATE.......: 01-18-2019

NEXT PAROLE HEARING DATE........: 12-00-1999
TYPE OF HEARING.................: STATUTORY INTERIM HEARING

PROJECTED SATISFACTION DATE.....: 03-01-2011
PROJECTED SATISFACTION METHOD...: EXP W/GT

REMARKS.......: 180 DAY DATE DOES NOT APPLY TO THIS DCC SENTENCE.
```

Handwritten annotations: "63 as of 4-18-00", "?", "11-22-93 10"

```
0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
SOCIAL SERVICES DIVISION - ADULT BRANCH

PRESENTENCE REPORT

PDID No.: 407-256/465-455
Docket No.: F-00733-95F,G

Re: Thomas R. Jones                     Date Referred: 10-18-96

To: The Honorable Susan R. Winfield     Date Due: 2-28-97

From: Probation Officer Thomas Flannery  Sentencing Date: 3-5-97

---

**Defendant Information:**
True Name: Thomas Rudolph Jones         Address: 6604 Piney Branch Rd.
                                        N.W., Washington, D.C. 20012

                                        Tel. #: (202) 723-4263

Aliases: Dwayne Fitzhugh; Calvin Lorenzo Jones

Age/Birthdate: 23, 9-15-73   Sex: Male   Birthplace: Washington, D.C.

Time in D.C. Area: Lifetime              Citizenship: US
                                         Alien No.: N/A

Marital Status: Single   Dependents: 1   Education: 9th Grade

Social Security No.: [redacted]          Permit No.: None

DCDC No.: 258-784                        FBI No.: 276 010 VA7

---

Offense, Code and Penalty: Please See Page Two

Plea: Guilty    Judgment: Guilty         Bond Status: Held Without
                                         Bond

Detainers or Pending Charges: None

Co-defendants:
None              (Dkt No.): N/A         (Status): N/A
                  (Dkt No.):             (Status):

AUSA: Evan Corcoran                      Telephone: (202) 305-1388

Defense Counsel: Steven Kiersh           Telephone: (202) 347-0200

"In accordance with the U.S. Parole [redacted] Reorganization Act
Public Law 94-233, dated March 15, 1976 this report is disclosable to
inmates in federal institutions for purposes of parole consideration."

000C04

3

CONTACTS:

OFFICIAL VERSION:

The Affidavit in support of an Arrest Warrant states that on Monday, November 22, 1993, at approximately 2:00 p.m., police officers of the Fifth District responded to a radio assignment for a shooting in the area of 21st and I Streets, N.E., Washington, D.C.. On arrival the officers found the unconscious body of Ronald Wilkins laying on the ground near the curb in front of 2111 I Street. Mr. Wilkins was dead at the scene, the apparent victim of multiple gunshots.

Mr. Wilkins's remains were transported to the D.C. Medical Examiner's Office where at 3:45 p.m. he was officially pronounced dead by Dr. Pierre-Louis. An autopsy was performed by Deputy D.C. Medical Examiner and the death was ruled a homicide caused by six gunshot wounds.

An eyewitness to this offense was located and interviewed. The witness stated that the victim was talking to others when an individual opened fire on Mr. Wilkins. The witness began to leave the area but before the witness left it observed a second individual shooting at the decedent. The witness indicated that there was no apparent provocation for the shooting.

The witness identified the first shooter as a black male, six feet to six feet one, skinny, dark complexion, with plaits in his hair. The witness further described the individual by the name of Thomas and indicated that he lived in the high rise apartment building on 9th Street in Southeast Washington. The witness had the telephone number for Thomas and provided that to the police and indicated that Thomas's mother lived around Maryland Avenue in Northeast.

Further investigation into the case revealed that Thomas Jones, PDID # 407-256, is a black male, six feet, two inches tall, 160 pounds, dark complexion, who wears plaits in his hair. In 1993 he resided at 3700 9th Street, S.E. in the District, a high rise apartment building. The telephone number provided by the witness was a number for persons residing at 3700 9▇▇▇ ▇▇▇eet, S.E. Thomas Jones's mother resides in the 2100 ▇▇▇▇▇▇▇▇▇ and Avenue, N.E. in the District.

000005

4

**OFFICIAL VERSION:**   (Continued)

The police, conducting investigation into other matters, interviewed a second witness. As the witness was looking through photographs of individuals associated with the area of 21st & I Streets, N.E., the witness came to the photograph of Thomas Jones, PDID # 407-256, and indicated that Mr. Jones was the person who shot Mr. Wilkins. The witness indicated that at the time of the homicide it saw Mr. Jones produce a pistol and shoot at Mr. Wilkins as Mr. Wilkins stood next to a car.

Bullets removed from the body of Ronald Wilkins were .38 caliber. The .38 caliber bullets were found to have markings leaving five grooves with a right twist.

On March 16, 1994, at 11:50 a.m., Thomas Jones was arrested at 719 13th Street, N.W., Washington, D.C. He was found to be in possession of a .38 caliber revolver. Bullets from the gun were compared to bullets fired from the pistol seized from Mr. Jones and were found to have similar markings (five grooves with a right twist).

In view of the above facts and circumstances it is requested that a D.C. Superior Court Judge issue a warrant for the arrest of Thomas R. Jones charging him with the murder of Ronald Wilkins.

**Known Injuries or Damages:**

A Victim Impact Statement has not yet been received in this case.

**DEFENDANT'S VERSION:**

The defendant admits shooting the decedent stating that he thought that the decedent was going to shoot him. They had had an argument over a drug deal that had gone bad. The defendant is claiming that he acted in self defense.

**PRIOR CRIMINAL RECORD:**

000006

(INI-S-A)

&lt;SUMCODE-DCINIADT_SUM&gt;
## D.C. INITIAL HEARING SUMMARY

**Offense of Conviction - Murder II and Carrying a Pistol Without a License**

| | |
|---|---|
| Sentence Type | :**Adult** |
| Name | :JONES, Thomas |
| Reg. No | :05208-000 |
| Hearing Date | :4-4-2000 |
| Institution | :Allenwood USP |
| Hearing Examiner | :Rob Haworth |

Prisoner's Statement: Subject admitted that he killed the victim in this case but he claimed the victim had previously harassed him, threatened him, displayed a firearm against him and pulled a firearm on him at the time of this shooting. Subject stated that a friend of his had purchased drugs from this individual and owed him money. The friend was in jail on a charge and the victim in the shooting began to press this subject for the money. Subject stated he had nothing to do with the drug debt and did not intend to pay it. Subject states that this individual, whose name was Ronald Wilkins, threatened him on numerous occasions and finally told him that he would kill him the next time he saw him if he did not have his money. Subject stated that on November 22, 1993 he saw Ronald Wilkins approaching on the street and he saw Wilkins pull a firearm. Subject states that he pulled his own firearm and killed Wilkins.

Subject acknowledged that other persons were with him at the time of the shooting but he claims that no one else was charged in this offense but him.

Subject claims that the victim was a known killer and had been charged himself on three separate occasions with murder. Subject also claims that the Assistant U.S. Attorney is willing to write a letter on his behalf in this case. He was encouraged to do that by this examiner. Subject also claimed that he might be able to get other information documenting the background of the victim and the threats made against him by the victim. Subject even claims that he went to police and complained about threats from the victim.

**Final Salient Factor Score, Base and Total Point Scores and Rehearing Guidelines**

SFS: 6

Base Point Score: 6

Category IV Points:       0 points for negative institutional behavior

Category V Points:        1 point for ordinary program achievement

000007

JONES.520                                                         Page 1 of 3

(INI-S-A)

Total Point Score:  5

**Modifications From Prehearing:**  None

<u>Institutional Factors</u>

**Discipline:**  Subject has kept clear conduct.

**Program Achievement:**  This prisoner has certificates for completing his GED on 12-27-1999, completing a course in Parenting and Life Skills as well as regular attendance to Narcotics Anonymous and Alcoholics Anonymous.

The programming is sufficient to reduce the score by 1 point.

**Release Plans:** When released, the prisoner has indicated that he plans to return to the Washington, DC area.  He has family that will assist him with residence.

**Representative and Representative's Statement:** None, waived.

**Evaluation:**

The point score is 5 which normally would not allow parole at this time.  This examiner finds no reason to go outside the guidelines.  Also, subject has rehearing guidelines of 18-24 months.  It is recommended that the rehearing take place after 20 months.

**Recommendation:**  Deny parole.  Continue for rehearing in August 2002, 20 months from parole eligibility of December 11, 2000.  The guidelines indicate that parole should not be granted.

**Reasons:**

**Reason for Departure:**  None

**Departure from Rehearing Range:**

**Reason for Departure from Rehearing Range:**  None

**Recommendation for Future Grant/Deny:**

**Addendum:**

This prisoner freely expressed his opinions during the hearing about denial of parole.  He claims that he should be released at service of his minimum term since he has abided by the rules of the institution.  He stated that if his case were being reviewed by the DC Board, he would be approved for parole.  Subject stated that it is double-counting violence points against

(INI-S-A)

him in categories II and III and he feels he is being treated unfairly. He did not accept this examiner's recommendation well but he seemed to understand it.

CLW
April 9, 2000

Addendum by Shoquist prepared April 20, 2000

I believe that the maximum set off is warranted. This was an ambush killing with the victim being shot at least 6 times. The minimum sentence of 8 years does not adequately account for the risk that this individual poses to the community. Whatever the truth may be that the victim was a drug dealer who had previously provoked and threatened Mr. Jones (his story), Mr. Jones's claim of self defense is an arrogant contradiction of the eye witness evidence presented to the court. This degree of arrogance strongly suggests that Mr. Jones remains a violent criminal who is trying to beat the system.

Recommendation:

Deny parole and continue for a rehearing in December 2005 after the service of 60 months from your parole eligibility date of December 11, 2000.

Reasons: You are a more serious risk than indicated by your total point score in that the instant murder involved an exceptionally cruel killing of the victim by taking him unaware as he stood by his car engaged in conversation with others. You proceeded to shoot him at least 6 times, indicating that this murder was a deliberate assassination. At your parole hearing, you falsely claimed that you shot the victim in self defense when he pulled a gun on you. Your lack of remorse, refusal to accept responsibility for this crime, and contempt for the evidence upon which you were convicted, warrants the conclusion that your participation in prison programming would not be a meaningful indicant of you rehabilitation.

 

U.S. Department of Justice                                   Notice of Action
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: JONES, Thomas                                  Institution: Allenwood USP

Register Number: 05208-000                           DCDC No.: 258-784

---

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue for a rehearing in December 2005, after the service of 60 months from your parole eligibility date of December 11, 2000.

**REASONS**:

Base Point Score: 6
Total Point Score: 5

Under the guidelines for D.C. Code offenders at initial hearings, your Total Point Score includes a deduction of 1 point for ordinary program achievement.

The guidelines for adult offenders at initial hearings indicate that parole should not be granted at this time. After consideration of all factors and information presented, a departure from the guidelines at this consideration is not warranted.

With your Base Point Score of 6, the rehearing guidelines indicate that you should be scheduled for a rehearing within 18-24 months from your parole eligibility date. After consideration of all factors and information presented, a departure from the rehearing guidelines at this consideration is warranted for the following reason: You are a more serious risk than indicated by your base point score in that the instant murder involved an exceptionally cruel killing of the victim by taking him unaware as he stood by his car in conversation with others. You proceeded to shoot him at least 6 times, indicating that this murder was a deliberate assassination. At your parole hearing, you falsely claimed that you shot the victim in self defense when he pulled a gun on you. Your lack of remorse, refusal to accept responsibility for this crime, and contempt for the evidence upon which you were convicted, warrants the conclusion that your participation in prison programming would not be a meaningful indicant of you rehabilitation.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

See the attached sheet for your individual item points and explanations of the Salient Factor Score, Base Point Score and Total Point Score. The tables at the bottom of the sheet present the parole and rehearing guidelines.

Date: May 4, 2000                                                              Clerk: las

BOP-Allenwood USP                       Page 1 of 2                    JONES.520

| Your Pts | SFS-98 Item Explanations | SALIENT FACTOR SCORE (SFS-98) |
|---|---|---|
| 1.... | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 | |
| 2.... | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 | |
| 1.... | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) | |
| 1.... | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 | |
| 1.... | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 | |
| 0.... | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 | |
| 6.... | Salient Factor Score (SFS-98) (sum of points for A-E above) | |

| Your Pts | Total Point Score Item Explanations | TOTAL POINT SCORE |
|---|---|---|
| +1.... | I - Contribution from Salient Factor Score 10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3 | |
| +2.... | II - Current or Prior Violence Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1 | |
| +3.... | III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II) Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1 | |
| 6.... | Base Point Score (sum I-III above) | |
| +0.... | IV - Negative Institutional Behavior Negative institutional behavior involving: (1) assault upon a correctional staff member with bodily harm inflicted or threatened; (2) possession of a deadly weapon, (3) setting a fire so as to risk human life, (4) introduction of drugs for purposes of distribution, or (5) participating in a violent demonstration or riot = +2; Other negative institutional behavior = +1 | |
| -1.... | V - Program Achievement Ordinary program achievement = -1; Superior program achievement = -2 | |
| 5.... | Total Point Score (sum of Base Point Score and points for IV and V above) | |

| Adult Parole/Supervision Guidelines ||| Rehearing Guidelines || Points For SFS Item C |||
|---|---|---|---|---|---|---|---|
| Total Point Score | Initial Hearing | Rehearing | Base Point Score | Months to Rehearing | Age | Prior Commitments |||
| | | | | | | 0-3 | 4 | 5+ |
| 0 | Grant Parole Low Supv | Parole With Highest Level of Supervision | 0-4 | 12-18 | 26 & Up | 3 | 2 | 1 |
| 1 | Grant Parole High Supv | | 5-8 | 18-24 | 22-25 | 2 | 1 | 0 |
| 2 | Grant Parole Highest Supv | | 9 | 22-28 | 20-21 | 1 | 0 | 0 |
| 3 | Deny Parole | | 10 | 26-32 | 0-19 | 0 | 0 | 0 |
| 4+ | | Deny Parole | | | | | | |

Date: May 4, 2000                                                        Clerk: las

BOP-Allenwood USP                    Page 2 of 2                    JONES.520                    000011

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS R. JONES,  :
       Petitioner  :
         :
       v.  :  Civil No. 1:CV-00-2220
         :  (Kane, J.)
JAKE MENDEZ (Warden);  :
U.S. PAROLE COMMISSION,  :
       Respondents  :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on March 19, 2001, she served a copy of the attached

### RECORD IN SUPPORT OF RESPONDENTS' RESPONSE TO SHOW CAUSE ORDER

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Williamsport, Pennsylvania.

Addressee:

Thomas R. Jones
Reg. No. 05208-000
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

                                          MICHELE E. LINCALIS
                                          Paralegal Specialist