# ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS R. JONES,
        Petitioner

    v.

JAKE MENDEZ (Warden);
U.S. PAROLE COMMISSION,
        Respondents.

Civil No. 1: CV-00-2220
(Judge Kane)

**FILED**
HARRISBURG, PA

MAR 2 9 2001

MARY E. D'ANDREA, CL
Pu: _____
/ Deputy Clerk

### AGRUMENT TO U.S. PAROLE COMMISSION REPONSE TO SHOW CAUSE ORDER

The U.S. Parole Commission claims that the commission did not violate the double jeopardy ban of the Constitution when the commission denied me parole. Because double jeopardy only applies to criminal prosecutions. However, the U.S. Attorney of the district of Columbia used the arrest warrant which is in my presentence report, (Which the U.S. Parole Commission used against me in calculating my total point score, and going outside of the guidelines to deny me parole) to obtain an indictment for my arrest; and charged me with 1st degree murder while armed (D.C. Code §22-2404(1) ). However, at my preliminary the trial court dismissed the charge of 1st degree murder and I stood charge with second degree murder while armed, and plead to second degree murder(unarmed).

The U.S. Parole Commission made a good argument that it didn't violate the double jeopardy ban of the constitution when it denied me parole. However, the U.S. Parole Commission abused its discertion in concluding that I in fact committed offenses charged in the dismissed counts of indictment charging me with 1st degree murder while armed where I have not been convicted of those offenses, there is no distinction made between offenses charged and

1

those to which I plead guilty; and there is no evidence which would support a findings that I infact committed 1st degree murder while armed (**Allen v. Hadden,** D.C. Colo. 1982, 536 f.Supp. 586, Affirmed 7 f.2d 59, Certiorari denied 104 S.Ct 1684, 80 L.ed.2d 159).

The U.S. Parole Commission may have made a good argument that the commission did not violate the double jeopardy ban. However, the U.S. Parole Commission did abuse its discretion in using the arrest warrant which is in the presentence report which constituted in me being indicted on 1st degree murder charges which were dismissed. There is no distinction made between 1st degree MVRDER while armed and second degree murder(unarmed), and therefore this (ie. arrest warrant or presentence report) should not be used against me.

My basic ARGUMENT to this issue is that the arrest warrant in the presentence report should not be use against me because it was used just to arrest me on the charges of 1st degree murder, and being that the trial court dismissed that charge the arrest warrant should not be used against me.

Futhermore, my failure to cite proper legal authority should not be use against me, or penalize me; Where I should be able to address the issues of me being wronged by the U.S. Parole Commission.

Pro-se litigants pleadings are construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; If court can reasonably read pleadings to state claim on which litigant could prevail, it should do so dispite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction; (**Haines v. Kerner,** 404 US 519, 30 L.ed.2d 652 (1972).

The U.S. Parole Commission claims that my claim that the commission lacked "Justifiable reasons" for departing from the rehearing guidelines are with-out merit.

The U.S. Parole Commission has stated in its rules that, the commission may go outside of the guidelines for good cause. "Good Cause" means substantial reasons, and includes only those grounds put forward by the commission in good faith and which are not arbitrary, irrational, unreasonable, irrelevant, or CAPRICIOUS . (18 U.S.C. §4206) also see 28 C.F.R. §2.19(c), also see 18 U.S.C. §4206 note 13, and **Branch v. Nelson,** D.C. Conn. 1979, 472 F. Supp 569.

The reasons which the commission used to go outside of the guidelines are irrational, unreasonable, irrelevant, and quite distruptable, because they stem from the arrest warrant which is in my presentence report which is inaccurate, and which was used to obtain an indictment of 1st degree murder **WHICH** was dismissed.

If the prisoner disputes the accuracy of the information presented, the commission shall resolve such dispute by the preponderance of the evidence standard: That is, the commission shall rely upon such information on to the extent that it represents the expanation of the facts that best accords with reason and probability. (28 C.F.R. § 2.20-04)

The Commission can not come up with any facts that can EXPLAIN the facts of this case by using the arrest warrant, because not only is the arrest warrant and presentence report inaccurate, but it's also contradictive.

What is in the presentence report (arrest warrant) is nothing but the police version abtained from a so-called witness to obtain an arrest warrant for 1st degree murder while armed (which was dismissed) and shouldn't be held as accurate or deem as being relevant because this is just the police version. When I gave the commission my version, the commission didn't count it as being liable even though I had supporting issues that I stated to the commission

which was also supported by the presentence report (ie. about how I said the crime took place, which I've been saying from day one, also how I tried to take my plea back and go to trial and fight my charge in self defense). All of this was supported by the presentence report.

The Commission claims that my claim of self defense is false because an eye witness said the shooting wasn't provoke in anyway; That the commission used the term "Deliberate ASSASSINATION" for the firing at the victim six times and hitting the victim six times and more could have been fired.

The U.S. Parole Commission saids that my claim of self defense is false due to eye witness statement that the shooting was not provoked, and ballistic tests indicate that the bullets removed from the victims body matched the signature of a .38 revolver found in my possession.

The Commission's said that my claim of self defense is false due to an eye witness statement that the shooting was not provoked: The Commission is using this eye witness from the arrest warrant in the presentence report, however, even though the commission is using this witnesses statement; The commission is only using part of the witness statement. The witness also stated that; Upon leaving the area it also observed another individual shooting at the victim. Futhermore, in the presentence report, the presentence report writer wrote my desire to go to trial and fight the case in self defense. Also, I had filed an appeal to the trial courts decision of not allowing me to take my plea back (Because of the U.S. Attorney's objection); Which I have just withdrew (Due to the fact of how long it has taken for the appeal to be heard, and my desire not to go thru the preincarceration procedures again). So the Commission reason of saying that my statement of self defense is false has no merit because the source in which the commission obtained its reason of

4

saying the shooting was not provoked (The eye witness) is not a reliable source, and the commission shows that when the commission did not use all of the witness statement (ie. The witness stated that upon leaving the scene, it also observed a second individual shooting at the victim). Furthermore, I have been claiming self defense from the beginning of the case (Which is supported by the presentence report), and have made an attempt to withdraw my plea, and have - had filed an appeal for the trial judge not letting me withdraw my plea, surely shows that their may be a chance that I committed this murder in self defense. Had I not been misrepresented by counsel, or granted the opportunity to withdraw my plea and go to trial; these findings possibly could have been made.

Information in the file describing offense circumstances more severe than reflected by the offense of conviction (For example, information contained in a count of an indictment that was dismissed as a result of a plea agreement) may be relied upon to select an oppropriately higher severity rating only if such information meets the standard indicated in 28 C.F.R. 2.19(c). The normal indicants of reliability are (A) The report is specific as to the behavior alleged to have taken place, (B) The allegation is corroborated by establisHeD facts; and (C) The source of the allegation is appears credible. The prisoner is to be informed of the allegation at the hearing and given an opportunity to respond. An allegation that is vague, UN SuRPoRTeD, or comes from an unreliable source should not be considered. (28 C.F.R. §2.20-04).

The Commission used information from my presentence report and arrest warrant in denying me parole and going outside of the guidelines. Even as the commission is using my presentence report and arrest warrant the commission is not considering all of the information contained in it. (The Commission must

consider relevant favorable information as well as information which is
unfavorable in making its decision and must provide a prisoner with an
adequate statement of the reasons for it's decision, including reference
to the evidence and sources relied upon, if it denies parole, and if it goes
outside of the guidelines and is disputed) 18 U.S.C. §4207 sec. 1, also see
Hearn v. Nelson, D.C. Conn. 1980, 496 F.Supp. 1111; also see U.S. Department
of Justice, D.C. Ill. 1977, 426 F.Supp. 1013, Affirmed 582 f.2d 1286; and
see 18 U.S.C. §4206.

The Commission should not be able to use the arrest warrant or the
presentence report against me in denying me parole or going outside of the
guidelines because: (1) The arrest warrant that the commission is using was
an arrest warrant to obtain an indictment of first degree murder while armed
which was dismissed at the preliminary hearing by the trial court; I was
eventually charged with second degree murder while armed and plead guilty

to second degree murder(unarmed). There is no distinction made between first
degree murder while armed and second degree murder unarmed, and by the trial
court dismissing the first degree murder while armed charge which the arrest
warrant was used to obtain an indictment for, the arrest warrant should not be
used against me because that is not the charge I plead guilty to and was
convicted of (Allen v. Hadden, D.C. Colo. 1982, 536 F.Supp. 586, affirmed 723
f.2d 59, cert. denied 104 S.Ct 1684, 80 L.ed.2d 159). (2) An allegation that
is vague, unsupported, or comes from an unreliable source should not be considered
(28 CFR §2.20-04). The information contained in the arrest warrant and presentence
report is vague and unsupported. The Commission used one of the witnesses version
stating that the shooting was unproked; However the same witness stated that
"As it was leaving the scene it observed another individual shooting at the
victim (Supporting my theory that there's

a possibility that there was another shooter), but the commission didn't take this into consideration. The commission has showed that the witnesses whole version is not reliable by not considering the witnesses whole version; Therefore this witness version should not be held as reliable or relevant. (The Commission must consider relevant favorable information as well as information which is unfavorable in making its decision). 18 U.S.C. §4207 sec. 1, also see **Hearn v. Nelson,** D.C. Corn. 1980, 496 F.Supp. 1111; also see **U.S. Department of Justice,** D.C. Ill. 1977, 426 F.Supp. 1013, affirmed 582 F.2d 1286; and see 18 U.S.C. §4206. (3) There are other stuff in the presentence report which support the claims that I have made; but the commission did not use them either (ie. Me trying to take my plea back and go to trial and fight the charge in self defense ect.). (4) There are alot of stuff in the presentence report which are wrong (some of them are highlighted in the copy I have sent the court), which could mean the presentence report writer could have misinterpreted the investigative reports or confused the facts of a complicated case; Therefore these possibilities must be weighed in each individual case. (28 C.F.R. 2.19-04(b)). and (5) The arrest warrant say the victim was shot (6) times. The ballistics report says that I was found in possession of an .38 revolver in which bullets removed from the victim came from the .38 revolver that I was found in possession of. In the ballistic report that was in the arrest warrant was not the accual ballistics report; It was the U.S. Attorney- Police version saying I was found in possession of a weapon where bullets from the victim's body came from the gun I was found in possession of, to obtain an indictment of the first degree murder. The accual ballistics report in the discovery package shows that the victim was shot with the .38 (Which was a snog nose that holds five shots); and the victim was also shot with a 9mm.; a total of (6) shots hit the victim; so how can the commission say how many times

I hit the victim when two guns were used (meaning there had to be two shooters). The commission can't go by the arrest warrant in the presentence report and use that as a reliable source; That is only the police version to obtain an arrest warrant to charge me with first degree murder which was dismissed. There are Alot of stuff pertaining to this case (ie. Actual ballistics report, witness statements, etc.) Which I am tring to obtain from the discovery package to present to the court that will show that the arrest warrant and presentence report is inadequate, and the commissions' theory of this case or my severity rate are wrong. If the commission is to use information other than the suitability criteria, it should at least use the resources the commission has to see how reliable the information it has before applying it to a prisoner. We are human being whom need to be treated fair and given the opportunity to have our freedom when it comes available to us with-out having false, irrelevant, and inadequate reasons stoping us.

The commission saids that my objection that the car next to which the victim was standing did not "belong to the victim as the commission's notice of action states" must be dismissed as frivolous.

The reason I pointed to the commission statement in the notice of action; Stating that "the commission said that the victim was standing next to "his" car; was to merely show the commission inability in the commission's way of observing the information in front of the commission; and that sometime the commission do misinterpret investigative report's or confuse the facts of a complicated case.

The commission saids that the fact that this murder was cruel, the fact that the killing had the character of DeLrBerATe  assassination, lack of remorse, refusal to accept responsibility and unfounded claim of self

defense; are clearly relevant to deny parole.

The reason why the commission saids that the murder was cruel, and the fact that the killing had the character of deliberate assassination" comes from the arrest warrant where I charge and indicted of 1st degree murder while armed which was dismissed at the preliminary hearing. I was convicted of second degree murder(unarmed) which has no simarlarity to 1st degree murder while armed (Please see D.C. Code § 22-2404(1)) Which would support the commission claim that the killing had the character of "deliberate assassination", Which I was not convicted of; and why this should not be used or applied to me. Furthermore the commission is relying on the witness from the arrest warrant. The commission saids that the eyewitness saids that the shooting was not provoked; While the witness infact said; :That there was no apparent provacation for the shooting  (ie. It didn't seem, or it wasn't obvious) that the shooting provoked. The commission is saying that the shooting was unproved which would be possibly justify why the commission said it was a deliberate assassination. However, being that the information in front of the commission does not say the shooting was unproved; But infact say there was no apparent provocation for the shooting, doesn't justify deliberate assassination because the eyewitness is not saying there was nothing to provoke the shooting, what the witness is saying; there was nothing seem or obvious to provoke the shooting." Furthermore; The eyewitness also stated that there was another shooter (Supporting my claim that according to information provided to me "ie. discovery package"; There was two shooters, two guns used, and I did not shoot the victim 6 times) But the commission did not use that statement as though that part of the statement is not reliable, relevant information; So the whole statement should not be used in the commission's reasons for labeling the shooting as a cruel, deliberate assassination.

The commission saids I have no remorse, and I refuse to accept responsibility. I have been saying from day one, told the parole commission examiner, and until today; How sorry, and sad I am about this great crime-sin that I have committed. The commission is saying because I said I committed this murder in self defense that I am refusing to accept responsibility. However, I have never denied committing the murder; I have only expressed how the murder took place.

The commission saids that my claim of self defense is unfounded and false. The commission applied my arrest warrant and presentence report to me in denying me parole and going outside of the guidelines; and in the presentence report is relevant information supporting this claim which the commission didn't apply to me. If I wasn't misrepresented by counsel or given an oppurtunity to take my plea back and go to trial these findings (ie. Self defense) could have possibly been established.

The commission states that to the extent of me asking the court to grant me parole release, the commission would like to note that this is not AN AVAILAble remedy.

I would like to note that my intention was not to ask the court to grant me parole release, but to show the court that the U.S. Parole commission had an obligation to release me on parole by its statute and rules once I met the criteria need to be met to make parole, and if the commission is not able to apply these inaccurate, unreliable sources, and irrelevant information obtained from the arrest warrant - Presentence report to me in calculating my severity rate to deny me parole or go outside of the guidelines, then the court should instruct the commission to give me a rehearing as soon as poosible and the only information the commission

should apply to me is the parole suitability critera, and calculate my severity rate from the charge in which I have been convicted of (which is in the commission's statute), and if by the statute it saids I should be release on parole then the commission should release me.

The U.S. Parole commission had the obligation to release me on parole at my parole eligibility date because the U.S. Parole commission rules state under 28 CFR § 2.73 "Parole suitability criteria that :The commission "shall" be authorize to release a prisoner on parole in its decretion after he or she has served the minumum term of the sentence imposed if:

    1) The prisoner has substantially observed the rules of the institution;

    2) There is reasonable probability that the prisoner will live and remain at liberty without violating the law; and

    3) In the opinion of the commission, the prisoner's release is not incompatable with the welfare of society.

The commission has set an salient factor score which weighs out the ability of a prisoner meeting this criteria;In which I recieved a score of 6 points; meaning I am a "Good Risk" of meeting the criteria of being paroled. (The higest score is 0-3 meaning "Poor Risk", in between "Good Risk" and "Poor Risk" is "Fair Risk"); I recieved the second highest.

The words "shall" and <u>authorize</u>; as used in the U.S. Parole commission's statute and regulation saying: The commission "shall" be <u>authorized</u> to release a prisoner on parole, ect;:

The words "shall" means: "Shall", used as an auxiliary to express a command, what seems inevitable or likely in the future, simple futurity. The The word authorize means: 1:Sanction  2: To give legal power to. The word sanction means: 'Sanction N, 1: Authoritative approve 2: A measure

(As a treat or fine) designed to Eforce a law or standard.

[2]Sanction VB,: To give approval to: Ratify syn endorse, accredit, certify, approve.

The statute's use of the mandatory term "shall" indicates that under the statute, the U.S. Parole commission may not deny parole once the prisoner has met the criteria that the commission has expressed need to be met to make parole and once it determines that harm is not probable, and (2) The provision of the United States Parole commission statute is comparable to those of a Montana statute that was held in; **Board of pardon and Henry Burgess v. George Allen and Dale Jacobsen ect.,** 482 US 369, 96 L.ed 2d 303, 107 S.ct 2415; and in a Nebraska statute that was held in; **Greenholtz v. Nebraska Penal Inmates,** 442 US 1, 60 led 2d 668, 99 S.Ct 2100, To create an expectancy of release an thus a liberty interset (792 f.2d 1404).

The U.S. Parole commission statute providing that (1) The U.S. Parole commission shall release on parole any prisoner when, in the U.S. Parole commission's discretion there is reasonable probability that the prisoner can be released without detriment to the prisoner or to the community, and (2) A prisoner shall be placed on parole when the commission believes that he or she is able and willing to fulfill the obligations of the law-abiding citizen, creates a liberty interest in parole release on the part of the prisoners that is protected under the due process clause of the Fourteenth Amendment, since (1) Although the release decision is nessarily subject and predictive, and the board's discertion is somewhat broad, the statue nonetheless uses mandatory language (shall) to create a presumption that parole release will be granted when the designated finding are made, such a presumption is created not only where mandates release "unless" certain findings are made but also where release is mandated "If", "When", or subject to certain findings being made,

(3) The "Substantive predicates" of parole release under the statute are similar to those in the parole statute that was found in; **Board of Pardons and Henry Burgess v. George Allen and Dale Jacobsen ect.,** 482 US 396, 96 L.ed 2d 303, 107 S.ct 2415; And **In, Greenholtz v. Neberaska Penal Inmates,** 442 US 1, 60 L.ed 2d 668, 99 S.Ct 2100, To create a liberty interest, in the statutes require the consideration of (A) The infact release on both the prisoner and the community, (B) The prisoner's ability to lead a law-abiding life, and (C) Whether release will cause a detriment to the community, and (4) The legislative history supports the conclusion that the statute places significant limits on the commission's discretion, where (A) The statute replaces a formers statute that granted absolute discretion to the board (ie. By saying the board may parole), and (B) The statute's title refers to the commission's duty to grant parole within restrictions. (Please see, constitutional law § 853.3 ---"due process"--- Parole release decisions--Liberty Interest; Also see **Board of Pardons v. Allen,** 96 L.ed 2d 305, 306).

This section creates substantial expectancy of parole and involves constitutionally protected expectation of liberty (**Evans v. Dillahunty,** CA. Ark. 1981, 622 F.2d 522).

## CONCLUSION

For the inaccuratecy, unreliable sources, irrelevant information; and misinterpretation of the commission's use of arrest warrant which don't apply to the charge I am convicted of; The commission should not be able to use the arrest warrant or presentence report against me in calculating my severity rate to deny me parole, or go outside of the guidelines.

The commission used arrest warrant and presentence report in calculating my severity rate for reasons to deny me parole; and go outside of the guidelines; "Which they should not have (for all of the reasons which I have stated):

13

According to the commission's statute; I had a constitutional right to be paroled at my initial hearing because I met all of the criteria needed to be me under "Parole Suitability Criteria" to make parole.

Due to the commission's misuse of the arrest warrant and presentence report, and all of the other inaccurate, unreliable, irrelevant; Information and reasons the commission used against me to deny me parole, and go outside the guidelines; The court should intervene and apply it power making sure I get any and all the relief the court can provide me (ie. Taking the nessasary steps to be made to make sure I be paroled; or making sure the commission don't go outside of the guidelines; or whatever other relief the court can provide me).

(*Please note that I have made attempts to retrieve the discovery package with unsuccessful attempts, and due to the time limit of me filing this response I most likely would not have retrieve it by the fileing of this response. However, If I do retrieve this information before the court make it decision, I will submitt it to the court).

Respectfully Submitted,

Thomas R. Jones #05208-000
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached was put in U.S. Postal mail box for legal mail here at USP Allenwood; and sent via first class certify mail; In a prepaid postage envelope, on this 27th day of march, 2001 address to the follwing:

David M. Barasch

U.S. Attorney

C/O Matthew E. Haggerty

Assistant U.S. Attorney

C/O Michele E. Lincalis

Paralegal Specialist

316 Federal Building

240 west third st.

Williamsport, PA 17703

Thomas R. Jones #05208-000
Pro-se Petitioner