BPS-296

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

NO. 01-3173

THOMAS R. JONES,

Appellant

v.

JAKE MENDEZ, Warden; U.S. PAROLE COMMISSION

**FILED**
HARRISBURG, PA
FEB 03 2003
MARCIA E. D'ANDREA, CLERK
Per MM

On Appeal From the United States District Court

For the Middle District of Pennsylvania

(D.C. Civ. No. 00-cv-02220)

District Judge: Honorable Yvette Kane

Submitted Pursuant to 28 U.S.C. § 1915(e)(2)(B)

SEPTEMBER 26, 2002

Before:    ALITO, MCKEE AND ALDISERT, Circuit Judges.

**JUDGMENT**

This case came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania and was submitted for possible dismissal pursuant to 28 U.S.C. §1915(e)(2)(B). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the appeal is dismissed under 28 U.S.C. §1915(e)(2)(B). All of the above in accordance with the opinion of this Court.

ATTEST:

*Marcia M. Waldron*

Clerk

DATED: November 6, 2002

Certified as a true copy and issued in lieu
of a formal mandate on January 29, 2003.

Teste: *Kathleen Brauner*
Chief Deputy Clerk, U.S. Court of Appeals for the Third Circuit.

BPS-296                                                    UNREPORTED - NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-3173

THOMAS R. JONES,
                    Appellant

v.

JAKE MENDEZ, Warden; U.S. PAROLE COMMISSION

FILED
HARRISBURG PA
FEB 03 2003
MARY E. D'ANDREA, CLERK
Per

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-02220)
District Judge: Honorable Yvette Kane

Submitted Pursuant to 28 U.S.C. § 1915(e)(2)(B)
September 26, 2002
Before:   ALITO, MCKEE AND ALDISERT, Circuit Judges.

(Filed: November 6, 2002)

OPINION

PER CURIAM

Appellant, Thomas Jones, an inmate currently incarcerated at the United States Penitentiary - Allenwood, in White Deer, Pennsylvania, appeals from the District Court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For essentially the reasons set forth by the District Court, we find no legal merit to this appeal and will dismiss it in accordance with 28 U.S.C. § 1915(e)(2)(B).

In August 1997, Jones was sentenced by the Superior Court for the District of Columbia to a term of 8 to 24 years imprisonment after having pleaded guilty to second degree murder and carrying a firearm without a license. On April 4, 2000, Jones appeared before the United States Parole Commission for an initial parole hearing.[1] Jones was denied parole based on the regulations, see C.F.R. § 2.80(h), and a recommendation was made that his rehearing be held after 60 months of service, a departure from the guidelines range of 18 to 24 months. 28 C.F.R. § 2.80(j). The Commission followed this recommendation, agreeing with the determination set forth in the hearing examiner's addendum that Jones should be considered a more serious risk than indicated by his Base Point Score of five given that "the instant murder involved an exceptionally cruel killing of the victim." Supporting the Commission's conclusion that the killing was exceptionally cruel in nature was the fact that the victim was taken by surprise and was shot as least six times as he stood by a car conversing with others, indicating that the murder was a "deliberate assassination."

Jones filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that the United States Parole Commission violated the double jeopardy prohibition to the Constitution by denying him parole for the same reasons that his

---

[1] Pursuant to Section 11231 of the National Capital Revitalization and Self-Government Improvement Act of 1997, P.L. 105-33, 111 Stat. 712, and D.C. Code 24-209, the Commission exercises authority over District of Columbia Code Offenders. See 28 C.F.R. § 2.70; see also 28 C.F.R. § 2.80 (setting forth the guidelines for D.C. offenders).

2

sentence was originally imposed, i.e., the severity of his offense conduct, and that the Commission departed from the rehearing guidelines without "justifiable reason." The District Court denied Jones' habeas petition, having concluded that his double jeopardy claim was meritless and finding that there was a rational basis in the record for the Commission's decision to depart from the guidelines.[2] This timely appeal followed.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2241. We have jurisdiction pursuant to 28 U.S.C. § 1291. "Our role in reviewing decisions by the Parole Commission on application for a writ of habeas corpus is limited." Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998). The standard of review "is only whether there is a rational basis in the record for the [Parole Commission's] conclusions embodied in its statement of reasons." Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976). The Commission is required under 28 C.F.R. § 2.80(m)(1) to "specify in the Notice of Action the specific factors that it relied on in departing from the applicable guideline or guideline ranges." See also 18 U.S.C. § 4206(b) (Commission required to "state with particularity the reasons" for the denial of parole); Furnari v. Warden, 218 F.3d 250, 256 (3d Cir. 2000).

Having carefully reviewed the record in this case, we must agree with the District Court's determination that habeas corpus relief is not warranted. As did the District

---

[2] The court declined to issue a certificate of appealability. Because Jones is a federal prisoner, he does not need a certificate of appealability to appeal the denial of his § 2241 petition. See 28 U.S.C. § 2253(c)(1).

3

Court, we find no merit to appellant's contention that the Commission violated the prohibition against double jeopardy as a result of its consideration of the severity of Jones' offense conduct in denying him parole at his initial hearing. The denial of parole is not punishment for purposes of the Double Jeopardy Clause. It neither results in the imposition of a sentence, nor does it increase the length of the sentence imposed by the court upon the judgment of conviction. See Alessi v. Quinlan, 711 F.2d 497, 501 (2d Cir. 1983); see also Mahn v. Gunter, 978 F.2d 599, 602 (10th Cir. 1992).

Appellant's contention that the Commission acted without "justifiable reason" and used what amounts to "double counting" to support its deviation to a 60 month reconsideration date fares no better. Double counting occurs when the Commission uses an aggravating factor to place a prisoner in a particular severity category and then uses the same factor to continue a prisoner's detention - or, as in this case, rehearing date - beyond the guidelines range. See Harris v. Martin, 792 F.2d 52, 54-55 (3d Cir. 1986); see also Romano v. Baer, 805 F.2d 268, 271 (7th Cir. 1986). According to Jones, the Commission utilized the severity of his offense conduct both to determine his Base Point Score and as an aggravating factor justifying a parole reconsideration date beyond that set by the guidelines. From a review of the record in this case, however, it appears that the Commission's departure was based not on the severity of Jones' offense conduct, but rather on its determination that the circumstances of the offense demonstrated an "exceptionally cruel killing." See 28 C.F.R. § 2.80(m)(ii)(C).

4

It is not double counting to consider the *nature* of the particular murder as an aggravating factor justifying a decision above the guidelines, even when the severity of the offense conduct itself was used in the initial guidelines scoring. See, e.g., Harris, 792 F.2d at 55. Given the Commission's determination, based upon its review of the "official version" of appellant's arrest, that the murder committed by Jones was in the nature of an unprovoked and "deliberate assassination" on an unsuspecting victim, we cannot say that the Commission's departure to a 60 month reconsideration date was arbitrary and capricious. See Thomas v. Brennan, 961 F.2d 612, 620 (7th Cir. 1992).

Thus, for the foregoing reasons, we conclude that the appeal presents no arguable issues of fact or law and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Neitzke v. Williams, 490 U.S. 319 (1989). In view of our disposition of this appeal and after consideration of the arguments set forth therein, we will deny appellant's motions for the appointment of counsel and for leave to provide "supplemental evidence" to this Court.[3]

---

[3] We note that regardless of whether another individual was alleged to have fired a Glock 9mm semi-automatic pistol at the victim, the bullets retrieved from the victim's body reportedly came from a .38 caliber revolver. A .38 caliber revolver was in Jones' possession when he was arrested, as were bullets with markings that matched those retrieved from the victim.